12934

STARR v. LAMB ET UX.

(153 S. E., 639)

*Mr. Barnard B. Evans,* for appellant,

*Messrs. Holman & Holman,* for respondent.

June 6, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This is an action in claim and delivery, commenced in the Magistrate's Court in Richland County, October 31,

1928, to enforce a landlord's lien for rent alleged to be due the plaintiff, S. C. Starr, by the defendants, M. C. Lamb and Mrs. M. C. Lamb. Claim and delivery action was commenced after demand was refused upon a distress warrant. The defendant M. C. Lamb entered a general denial. The defendant Mrs. M. C. Lamb, wife of the first named defendant, in her answer denied that she was indebted to the plaintiff for any amount for rent for the house in question, denied that she contracted for the rent of the house, and alleged that the property levied upon under the distress warrent was her individual property, and that the same was not subject to be levied upon for the amount involved for the rental of the house in question. The case was tried before Magistrate Wm. A. Gunter, who rendered judgment for the plaintiff against both of the defendants for the amount claimed. From the judgment of the Magistrate the defendants appealed to the Circuit Court. That appeal was heard by his Honor, Judge S. W. G. Shipp, who issued an order sustaining the judgment rendered in the Magistrate's Court. From the said order and judgment thereon the defendants have appealed to this Court, upon the following exceptions:

"(1) Because it was error in affirming the judgment of the Magistrate, when the record shows that the property was that of appellant, Mrs. M. C. Lamb and she had not rented the house in question from the respondent, as her affidavit shows, and she cannot be held for her husbands debts. And contrary to the Statutes in Claim and Delivery.

"(2) It was error in affirming the judgment, as the testimony is incomplete as nothing is said or given as to the testimony of appellants on cross-examination and the denial of Mrs. Lamb's indebtedness and she being a third party and made affidavit as to her ownership of the property.

"(3) Because the Order is contrary to the law and the evidence."

We consider it unnecessary to enter into a discussion of the testimony in the case, or to take up separately the ques-

tion raised by appellant's exceptions, and deem it sufficient to state that, after a careful examination of the entire record, we are unable to agree wth appellants' contention as to the questions raised. There was, in our opinion, ample testimony in the case to sustain the Magistrate's finding that both defendants contracted for the rent of the house in question, and that both of them were responsible for the rent. Therefore the property claimed by the defendant, Mrs. M. C. Lamb, in the house in question, and levied upon under the distress warrant, even if owned by her, was properly held for the rent. We will state also that, in our opinion, substantial justice was done between the parties litigant by the judgment rendered in the Magistrate's Court, which is sufficient ground upon which to base an affirmance of the judgment.

The exceptions are overruled, and the judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE GRAYDON concur.

MR. CHIEF JUSTICE WATTS did not participate.